## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NICHOLAS HENDRICKS, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| THE PEP BOYS – MANNY, MOE & JACK, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Nicholas Hendricks, by and through undersigned counsel, and files this Complaint for Damages against Defendant The Pep Boys – Manny, Moe and Jack, LLC ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District. Defendant is subject to specific jurisdiction over the claims asserted herein. Venue is appropriate given that the acts and omissions giving rise to Plaintiff's claims occurred in this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Upon Plaintiff's request, the EEOC issued a notice of right to sue with respect to Plaintiff's charge, allowing for an action to be filed within 90 days of issuance. This action has been filed within 90 days of issuance of the notice of right to sue.

**FACTUAL ALLEGATIONS**

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the ADA.

8.

In early March 2022, Plaintiff applied for a managerial position with Defendant at its store located at 1717 Highway 20, Conyers, Georgia 30013.

9.

On or about March 18th, Plaintiff interviewed for the position with David Pizzo, Defendant's Area Manager for the store.

10.

Plaintiff suffer from disabilities, of which Defendant had actual knowledge once Plaintiff arrived for the job interview. In particular, Plaintiff's legs and body were damaged in a car accident in 2021, which impacts Plaintiff's ability to walk, among other major life functions.

11.

After interviewing with the employer for approximately 30 minutes, Mr. Pizzo stated that it was a busy store and that given Plaintiff's physical condition, Mr. Pizzo did not think Plaintiff could "keep up". Plaintiff explained to Mr. Pizzo that he could do the job, and Mr. Pizzo maintained his position responding that he did not think Plaintiff was "healthy enough" to do the job and to come back when his body was stronger.

12.

Plaintiff was qualified to perform the position for which he applied, including the essential functions of the position.

13.

Defendant failed to hire Plaintiff because of his disabilities or perceived disabilities, in violation of the Americans with Disabilities Act, as amended.

14.

In failing to hire Plaintiff, Defendant discriminated against Plaintiff because of his disabilities or perceived disabilities.

15.

Plaintiff has suffered damages, including lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## **CLAIMS FOR RELIEF**

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT ("ADA") (ADA DISCRIMINATION AND RETALIATION)**

16.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

17.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

18.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

19.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

20.

At times relevant to this action, Defendant and all individuals involved in the decision not to hire Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's failure to hire Plaintiff.

21.

Plaintiff's disabilities or perceived disabilities were determinative factors in Defendant's decision to not to hire Plaintiff.

22.

At all times relevant, Plaintiff could perform the essential functions of the position he was denied.

23.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

24.

In failing to hire Plaintiff, Defendant discriminated against Plaintiff because of his disabilities or perceived disabilities, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

25.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

26.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

27.

Plaintiff seeks and is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

This 8th day of June, 2022.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com